**UNITED STATES of America,
Appellee,**

**v.**

**Manoutchehr AADAL, Appellant.**

**No. 377, Docket 31938.**

United States Court of Appeals
Second Circuit.

Argued Feb. 17, 1969.

Decided March 5, 1969.

Certiorari Denied June 16, 1969.
See 89 S.Ct. 2114.

John H. Doyle, III, Charles P. Sifton, Asst. U. S. Attys., Robert M. Morgenthau, U. S. Atty., for appellee.

Whitman Knapp, New York City, Joseph D. S. Hinkley, New York City, of counsel, for appellant.

Before WATERMAN and FRIENDLY, Circuit Judges, and POLLACK, District Judge.*

PER CURIAM:

Appellant was convicted of having with intent to defraud issued and negotiated for value during the period from April 21, 1964 to May 29, 1964, twelve bills of lading containing false statements relative to shipments of steel from New York City to Pakistan.

On June 24, 1964, he was arrested upon a complaint alleging that he had made such false statements and he was arraigned before a United States Commissioner on that day. The twelve count indictment upon which he was tried was filed on May 26, 1966. To this indictment he pleaded not guilty on June 1.

---

* Of the Southern District of New York, sitting by designation.

Standing for disposal in the criminal calendar part of the district court, an order assigning the case for trial was adjourned from time to time without defense objection, and on six occasions the adjournment was with defense counsel's affirmative consent. On June 14, 1967 it was assigned for trial. Then, on June 22, for the first time, appellant moved to dismiss the indictment on the ground that he had been unconstitutionally denied a speedy trial. The motion was lost, 280 F.Supp. 859, 861 (SDNY 1967). The trial commenced on June 24, 1967 before a judge sitting without jury, the evidence was closed on August 7, 1967, and the court found appellant guilty on all twelve counts, 280 F.Supp. 862 (SDNY 1967).

Upon this appeal the only issue appellant raises is whether he was denied the enjoyment of his Sixth Amendment right to a speedy trial. He seeks to convince us to abandon the rule of United States v. Lustman, 258 F.2d 475 (2 Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958) which we have followed and reaffirmed many times in the past ten years, see United States v. Maxwell, 383 F.2d 437, 441 (2 Cir. 1967), cert. denied, Aiken v. United States, 389 U.S. 1043, 88 S.Ct. 786, 19 L.Ed.2d 835 (1968) and cases cited at 441, footnote 2. And see United States v. Feinberg, 383 F.2d 60, 65 (2 Cir. 1967), cert. denied, 389 U.S. 1044, 88 S.Ct. 788, 19 L.Ed.2d 836 (1968). Indeed, appellant has unsuccessfully raised this same issue previously when we affirmed his 1966 conviction upon a different indictment in which the Government had charged that he had made false statements in earlier shippers' export declarations unrelated to the steel shipments here involved, 368 F.2d 962, 965 (2 Cir. 1966), cert. denied, 386 U.S. 970, 87 S.Ct. 1161, 18 L.Ed.2d 130 (1967).

No prejudice to appellant was established that would warrant a re-examination of our rule in United States v. Lustman, supra. No purposeful or oppressive delay is shown or claimed. From the time of his arrest appellant was always represented by counsel; at no time did appellant move to dismiss the complaint upon which he was arrested and arraigned or request an early trial.

We adhere to the rule in United States v. Lustman and affirm the conviction below.