Joseph W. CABRERA

v.

Robert G. SMITH, Warden, Vermont State Prison.

Civ. A. No. 5650.

United States District Court
D. Vermont.

Dec. 10, 1969.

John T. Ewing, Burlington, Vt., for petitioner.

William T. Keefe, Asst. Atty. Gen.. State of Vermont, for defendant.

## OPINION

LEDDY, Chief Judge.

In this case, the petitioner has filed an application for a writ of habeas corpus stating that he was convicted by a jury in Chittenden County Court on March 23, 1966, of kidnapping (Count 1), conspiracy to rob, (Count 3) and burglary in the nighttime (Count 4). He was sentenced on March 26, 1966, on Count 1 to a term of not less than 12 nor more than 18 years; on Count 3 to a term of not less than 8 nor more than 10 years and on Count 4, to a term of not less than 5 nor more than 8 years, to run concurrently. Petitioner claims in his brief that his constitutional rights have been violated on the following grounds: Lack of a speedy trial; denial of right to be informed of the nature and cause

of the accusation; denial of right to public trial by an impartial jury; denial of right to competent counsel; and arrest without probable cause.

Upon consideration of the application for writ of habeas corpus, the respondents were ordered to show cause why the same should not be granted and filed their answer and amended answer therein. This Court appointed Attorney John T. Ewing to represent petitioner.

## FACTS

On May 22, 1965, petitioner was arrested by Burlington Police for the crimes of kidnapping and larceny. His arrest was executed without a warrant. However, on the same day, two informations and warrants were filed with the Chittenden Municipal Court charging him with kidnapping and breaking and entering. On May 24, 1965, another information was filed alleging another count of breaking and entering. Throughout this period, the petitioner was represented by counsel.

On June 8, 1965, these original informations were nol prossed and another information was filed in Chittenden County Court charging him with kidnapping, three counts of breaking and entering and fourth degree arson. Again, an attorney was appointed for petitioner. This information was nol prossed and a third information was filed on September 14, 1965. Finally, on September 15, 1965, the information dated September 14, 1965, was nol prossed and the information upon which petitioner was convicted was filed in its place. At the arraignment on this last information, counsel of petitioner's choice was appointed.

After his conviction, petitioner filed four separate post conviction motions in the Vermont State Courts which were all denied. However, the grounds presented in those motions are not before this Court. The petitioner also appealed his conviction directly to the Vermont Supreme Court, where he did raise most of the same issues now before this Court. The judgment was affirmed. State v. Cabrera, 127 Vt. 193, 243 A.2d 784 (1968). On May 20, 1966, the petitioner also filed a writ of habeas corpus in this Court before Judge Gibson. It was denied because the petitioner did not indicate whether he had exhausted his State remedies.

## EXHAUSTION

██ The State alleged in its answer that the petitioner has not exhausted all his remedies at the State level. However, it is the general rule that when the issues in a Federal habeas corpus petition under 28 U.S.C.A. § 2254 (1966 Supp.) have once been presented to the highest state court, there is no need to subsequently invoke that state's post conviction relief remedies. Roberts v. Lavallee, 389 U.S. 40, 42–43, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); United States ex rel. Howard v. Russell, 405 F.2d 169, 171 (3d Cir. 1969); Palmer v. Comstock, 394 F.2d 395 (9th Cir. 1968). See also McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965). Under the above cases, the petitioner has complied with the exhaustion requirement as to those issues before the Vermont Supreme Court in *Cabrera*.

## SPEEDY TRIAL

The record discloses that from the time of Cabrera's first arrest (May 22, 1965) to the time of his final arraignment (September 15, 1965) nearly four months elapsed. Petitioner alleges that this delay denied him his right to a speedy trial because the delay was occasioned by the numerous dismissals by the States Attorney.

The Vermont Supreme Court in *Cabrera* dealt with this same problem. However, it seemed to consider the total delay from first arrest to time of trial. The Vermont Court concluded there had been no prejudice because Cabrera had indeed agreed to a postponement of his trial if certain counsel were appointed. 127 Vt. at 195, 243 A.2d 784. How-

ever, petitioner contends that the crucial period is not the delay from first arrest to trial, but from first arrest to final arraignment, during which time he claims that he could not

> * * * commence the preparation of his case. He was not even confronted with the nature of the charges against him. Once he finally was arraigned, [September 15, 1965] he certainly couldn't file a motion for speedy trial or seek dismissal for lack of prosecution since he himself needed time to prepare his defense.

Brief for petitioner at 5, Cabrera v. Smith, Civil No. 5650 (D.Vt. filed Aug. 7, 1969).

I will assume that petitioner's request for a postponement after his final arraignment was not a waiver of his right to raise questions of undue delay during the first four months. Concentrating on this period of time, two separate issues appear relevant to the speedy trial question. The first centers on the presence of prejudice to the petitioner and the second on his failure to make an affirmative demand.

■ The formula used by the Second Circuit to decide if a petitioner has been denied a speedy trial was first stated in United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623 (2d Cir. 1963) and reiterated in United States v. Simmons, 338 F.2d 804 (2d Cir. 1964). The factors to consider are prejudice to defendant, length and reason of the delay and waiver by defendant.

Before discussing the question of possible prejudice to petitioner, I must dispose of a threshold question. There is some controversy as to whether Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967) has obviated the necessity that the petitioner prove prejudice. It has been noted that the Court in *Klopfer* found the delay of more than one year a denial of appellant's right to a speedy trial, without referring to any factor caused by the delay which might prejudice Klopfer's defense. See,

Comment, Effective Guaranty of a Speedy Trial for Convicts in other Jurisdictions, 77 Yale L.J. 767, 779 (1968).

The Court's failure to make direct reference to any prejudice in preparation of the defense is reasonable in *Klopfer,* however, because they were concerned with a different type of prejudice occasioned by the indefinite uncertainty of the North Carolina procedure to a man discharged from custody. As the Court observed:

> The pendency of the indictment may subject him to public scorn and deprive him of employment, and almost certainly will force curtailment of his speech, associations and participation in unpopular causes.

386 U.S. at 222, 87 S.Ct. at 993.

When this type of indefinitely prolonged oppression and anxiety is present, it may not be necessary for the petitioner to show prejudice going to the preparation of his case, for the prejudice he suffers is even more insidious. The petitioner here, however, was never uncertain as to the state's intention toward him. Only four months elapsed between petitioner's first arrest and his request for postponement. The arraignment transcripts indicate that at least one of the informations nol prossed in this period was not fatally defective but contained omissions of a formal nature. New informations charging the same offenses were filed immediately after the granting of nolle prosequi. For all but a few hours during this first four month period after his arrest, the petitioner was officially charged with criminal activity.

Moreover, there is strong indication in recent cases that *Klopfer* has not overturned the traditional prejudice rule. See United States v. Perez, 398 F.2d 658, 660 (7th Cir. 1968); United States v. Mann, 291 F.Supp. 268, 271–274 (S.D. N.Y.1968); United States v. Roberts, 293 F.Supp. 195, 197–198 (S.D.N.Y. 1968); and United States v. Tchack, 296 F.Supp. 500, 502 (S.D.N.Y.1969).

■ Relying on the four factor test laid down in *Simmons,* the issue becomes whether Cabrera was prejudiced by the delay. In his brief, petitioner states that the delay was "* * * an extreme and substantial injustice to Mr. Cabrera, and there appears on the face of the Information and Warrant no good cause for the continual reindictment." Brief for petitioner at 5. However, this statement seems to be only conclusionary. The state of the evidence leaves important questions unanswered: (1) Did the delay hinder Cabrera in the preparation of his case? (2) Was it long enough to cause memories to fail? (3) Did the petitioner lose valuable evidence? In other words, was there actual prejudice? Petitioner brought forth no evidence of prejudice at the hearing. If such evidence existed, the petitioner did not carry his burden of proof by bringing it to the Court's attention. United States ex rel. Schuster v. Herold, 410 F.2d 1071, 1085 (2d Cir. 1969). One possible ground mentioned in petitioner's brief was that during the four month period Cabrera could not commence preparation of his case because he wasn't confronted with the nature of the charges against him. However, this position is untenable because petitioner had five months to prepare for trial, with the aid of counsel, after the final arraignment. Therefore, even if the first four month delay was occasioned by the State, this is not necessarily the controlling factor. Harling v. United States, 130 U.S.App.D.C. 327, 401 F.2d 392 (1968) cert. denied, 393 U.S. 1068, 89 S.Ct. 725, 21 L.Ed.2d 711 (1969).

Because the petitioner has failed to introduce any proof as to prejudice, I find this contention without merit.

■ The second issue is whether or not *Klopfer* eliminates the "demand" rule in a nolle prosequi situation. The traditional rule is that unless a demand for speedy trial is made, a late claim of unconstitutional delay cannot be asserted. The validity of this rule has been challenged in at least two Federal decisions. United States v. Mann, 291 F.Supp. 268 (S.D.N.Y.1968) and United States v. Roberts, 293 F.Supp. 195 (S.D.N.Y. 1968).

The question in *Klopfer* was "* * * whether a State may indefinitely postpone prosecution on an indictment without stated jurisdiction *over objection of an accused* who had been dischargd from custody." 386 U.S. at 214, 87 S.Ct. at 989 (emphasis added).

In phrasing the issue, the court was careful to include reference to the affirmative demands of the petitioner and his objections to the use of nolle prosequi to delay his trial. No amelioration of the demand rule can be inferred from the opinion. By including in their statement of the issue facts indicating that a demand was made, the court seems to recognize the current vitality of the rule.

At least five federal decisions since *Klopfer* have reasserted the vitality of the demand rule. United States v. Aadal, 407 F.2d 381, 382 (2d Cir. 1969); United States v. Perez, 398 F.2d 658, 661 (7th Cir. 1968); United States v. Maxwell, 383 F.2d 437, 441 (2d Cir.), cert. denied 389 U.S. 1057, 88 S.Ct. 809, 19 L.Ed.2d 856 (1967); Lawrence v. Blackwell, 298 F.Supp. 708, 717 (N.D.Ga. 1969); United States v. Roberts, 293 F.Supp. 195 (S.D.N.Y.1968). The circumstances in *Aadal* are strikingly similar to the facts in the present case. 407 F.2d at 381.

I am inclined to agree with the court in *Maxwell* that:

> * * * [T]he demand rule is consonant with the bulk of federal authority and preserves the speedy trial right as a shield for the defendant's protection but not as a sword for his escape * * *.

383 F.2d at 441.

■ Without some affirmative demand or objection by the petitioner evidencing his desire for a speedy trial during the four months in question, I must find his present assertion untimely.

## DENIAL OF RIGHT TO A PUBLIC TRIAL BY AN IMPARTIAL JURY

■ During petitioner's trial it was brought out on direct testimony by one of the prosecution's witnesses that petitioner had told the witness that he was out on bail from a prior charge. Petitioner contends that this statement denied him the right to trial by an impartial jury. The Vermont Supreme Court in treating this point concluded that such a claim was without merit since petitioner's experienced trial counsel did not object or seek to explain it. 127 Vt. at 196, 243 A.2d 784. The issues, therefore, are whether the alleged error was of such magnitude as to give it Constitutional proportions and even if this were so, and assuming it was, then did counsel's failure to object constitute a knowing waiver? Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Whitus v. Balkcom, 333 F.2d 496, 504–505 (5th Cir.), cert. denied, 379 U.S. 931, 85 S.Ct. 329, 13 L.Ed.2d 343 (1964). It is obvious that if an error was committed, it was only evidentiary in nature. No confession was introduced. No illegal search was complained of. See Crisafi v. Oliver, 396 F.2d 293, 294–295 (9th Cir. 1968); United States ex rel. Santiago v. Follette, 298 F.Supp. 973 (S.D.N.Y.1969). Petitioner has not been deprived of any constitutional right in the admission of the challenged evidence.

## DENIAL OF RIGHT TO COMPETENT COUNSEL

■ Petitioner also argued in his brief that the failure of his trial attorney to object to the admission of witness Deforge's testimony concerning Cabrera being out on bail was a gross error, indicating that he was not represented by competent counsel. However, I find that this claim is inextricably wound with the previous one—denial of a fair trial. Nothing more need be said about it except that petitioner was represented by experienced counsel (127 Vt. at 195, 243 A.2d 784), and that perhaps petitioner's counsel had trial strategy in mind. See United States ex rel. Bruno v. Herold, 408 F.2d 125 (2d Cir. 1969).

## WARRANTLESS ARREST

■ The petitioner also contends that his initial arrest was constitutionally unlawful. There is no evidence on this point, but even if I assume it to be true it still does not entitle petitioner to relief. It is a fundamental rule in federal habeas corpus cases that a petitioner incarcerated on a state charge can only contest his present confinement and arrest that led to that confinement. Abraham v. Wainwright, 407 F.2d 826 (5th Cir. 1969).

■ In the instant case, petitioner does not allege that any evidence obtained under the first arrest warrant was used against him at trial. Also, it should be noted that the trial judge kept everything associated with the first arrest away from the ears of the jury. See 127 Vt. at 197, 243 A.2d 784. See also United States ex rel. Arisini v. Reincke, 286 F.Supp. 974 (D.Conn.1968).

## NATURE OF ACCUSATION

■ Lastly, petitioner contends that because of his six prior nolle prosequi by state officials, he was not informed of the nature and cause of the accusation against him. From the record it does not appear that this issue was ever raised in the Vermont courts. Therefore, petitioner has not met the requirements of exhaustion. 28 U.S.C.A. § 2254 (Supp. 1967). However, if petitioner had, I find that petitioner was tried on a valid warrant, he did have adequate time to prepare his defense and he did know the nature of the charges on which he was convicted.

To summarize, I find petitioner's application for writ of habeas corpus without merit and the same is hereby denied.