Sylvester Royce **MOORE**, Petitioner,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent.

Civ. A. No. 70–H–752.

United States District Court,
S. D. Texas,
Houston Division.

Nov. 30, 1970.

Sylvester Royce Moore, pro se.

Crawford D. Martin, Atty. Gen., Robert C. Flowers and Robert Darden, Asst. Attys. Gen., Austin, Tex., for defendant.

## MEMORANDUM AND ORDER

NOEL, District Judge.

Petitioner, a prisoner in state custody, has filed a petition for the writ of habeas corpus. Respondent has filed an answer with state court pleadings attached and has moved to dismiss the petition. The motion to dismiss is well taken.

This Court has jurisdiction. 28 U.S. C. §§ 2241, 2254. The state concedes that available state remedies have been exhausted, and her concession is correct.

On March 1, 1967, petitioner was tried for the offense of robbery by assault; found guilty and on May 5, 1967 sentenced to life imprisonment. The Court of Criminal Appeals affirmed his conviction on March 8, 1968.

Petitioner levies numerous attacks against this conviction in his instant petition. These claims will be stated and considered below.

### Claim One

Petitioner contends that he was denied his due process rights to a fundamentally fair trial because he was convicted by a jury which contained a "tainted" juror. The tainted juror allegedly was a friend or business acquaintance of the prosecution's chief witness—the robbery victim. The peti-

tion does not reflect whether (1) the juror informed the trial court of his presumably prejudicial acquaintainship during voir dire or (2) petitioner's counsel knew of the allegedly prejudicial relationship and elected not to strike the juror as part of his trial strategy.

■ The pleadings do not allege how the tainted juror's presence on the convicting panel prejudiced petitioner. It is a reasonable inference to believe that all twelve jurors obeyed the trial court's instructions, did not mention or consider improper evidence during their deliberations, and did not allow personal feelings to color their individual determinations that Moore was guilty. Hilliard v. State of Arizona, 362 F.2d 908, 910 (9th Cir. 1966); Cohen v. United States, 297 F.2d 760, 764 (9th Cir. 1962).

It is clear that petitioner believes that the presence of the allegedly tainted juror on the panel created an irrefutable presumption that he was denied a fair trial. His belief is incorrect.

■ Due process does not guarantee an accused that the jury which hears his case will be one which hears *absolutely* no inadmissible evidence during the trial or during their deliberations, or one which will be composed of jurors who have *absolutely* no preconceived impressions about the accused or the state's witnesses. The Supreme Court has held that an accused *may be* deprived of a fair trial when he is unable to confront and to cross-examine persons who present evidence to the trier of facts which is adverse to his interest and/or when it is shown that the jury panel was composed of partial or biased jurors. Parker v. Gladden, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966) (per curiam); Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965); Mattox v. United States, 146 U.S. 140, 147–150, 13 S.Ct. 50, 36 L.Ed. 917 (1892). In these cases the Court distinguished between the degree of adversity which improper evidence or influence could be presumed to have upon an accused's interests. The Court held that only *significantly* adverse influences or improper evidence would be presumed to have unduly prejudiced the jury against the accused, and therefore to have denied him due process. In essence, the Court held that minor insignificant infractions of the general rules enunciated in their opinions would not violate due process. The high court left to the lower federal courts the duty to ascertain when significant infractions have occurred. *Id.*

In these cases the Supreme Court found the infraction *so* significant that it presumed the accused could not have received a fair trial by an impartial jury. In each case trial court personnel charged with the duty to care for the jury during trial made adverse comments about the accused while formally testifying from the stand or while informally caring for the jury. The high court emphasized the weight which jurors would attribute to remarks of court personnel and inferred that statements by other persons would not be so apt to deprive an accused of due process. In each instance the statements of the court personnel were highly prejudicial, and it would be difficult to imagine how the jury would not have been adversely influenced by them.

■ In comparison to the Supreme Court cases, the facts alleged by Moore, if true, do not justify this Court in presuming that the jury verdict was the result of unfair or improper bias. The fact that one juror knew the victim of a crime who testified at the trial does not —without allegations of how this knowledge affected the jury's determinations or an allegation that this juror mentioned his acquaintanceship in such a manner as to bolster the credibility of the witness—state a constitutional claim. Instead, it is more reasonable to infer that every juror obeyed the Court's instructions and considered *only* the proper evidence adduced in open court. Hilliard v. State of Arizona, supra; Cohen v. United States, supra.

■ In numerous federal cases lower federal courts have considered allega-

tions of jury irregularity similar to petitioner's and have held that they did not state a meritorious due process claim. This Court is bound by these decisions. *See and compare*: Government of Virgin Islands v. Bodle, 427 F.2d 532 (3rd Cir. 1970); Richard v. United States, 315 F.2d 331 (1st Cir. 1963); United States v. Crosby, 294 F.2d 928, 948–950 (2nd Cir. 1962), cert. denied sub nom. Mittleman v. United States, 368 U.S. 984, 82 S.Ct. 599, 7 L.Ed.2d 523 (1962); Fook v. United States, 82 U.S.App.D.C. 391, 164 F.2d 716, 717 (1947), cert. denied 333 U.S. 838, 68 S.Ct. 608, 92 L.Ed. 1122 (1948); Brant v. Scafati, 301 F. Supp. 1374, 1378–1379 (D.Mass.1969); Subilosky v. Scafati, 294 F.Supp. 18 (D. Mass.1968); Bertsch v. Beto, 254 F. Supp. 257, 262 (S.D.Tex.1966).

### Claim Two

■ Petitioner's contention that he was denied due process because the state denied his sixth amendment rights to have compulsory process to compel the attendance of witnesses for his defense is without merit. Moore contends that because a witness he believed had committed the crime left the city prior to trial and was unavailable to testify, he was denied due process. He admits, however, that the sheriff subpoenaed the witness prior to trial, and does not allege that the state trial court refused either to grant a continuance until the witness could be found or refused to order the sheriff to make a reasonable search for the witness.

In Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), the Supreme Court incorporated the sixth amendment provisions requiring that an accused have compulsory process for obtaining witnesses into the due process clause of the fourteenth amendment. This incorporation, however, does not aid petitioner because the State of Texas fulfilled its obligations to provide him compulsory process when it subpoenaed the witness. The state is not obligated to shepherd subpoenaed witnesses to the court room once they are served.

Since the transcript of the trial does not reflect that a motion for continuance was even made by defense counsel, and there is no allegation that the state judge did not attempt to locate the witness, or to punish him later for contempt, this Court finds that the state fulfilled petitioner's rights to compulsory process. Johnson v. Walker, 199 F. Supp. 86, 95 (E.D.La.1961); affd. 317 F.2d 418 (5th Cir. 1962); 97 C.J.S. Witnesses § 10 (1957); *accord*: Myers v. Frye, 401 F.2d 18, 20–21 (7th Cir. 1968); Maguire v. United States, 396 F.2d 327, 330 (9th Cir. 1968); cert. denied 393 U.S. 1099, 89 S.Ct. 897, 21 L. Ed.2d 792 (1969); United States v. Greco, 298 F.2d 247, 251 (2nd Cir. 1961) cert. denied 369 U.S. 820, 82 S.Ct. 831, 7 L.Ed.2d 785 (1962); United States ex rel. Williams v. Deegan, 279 F.Supp. 53, 59 (S.D.N.Y.1967); *c. f.*: Barber v. Page, 390 U.S. 719, 723–726, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).

### Claim Three

In his petition, petitioner labeled the following four instances as procedural irregularities which denied him "due process." Namely (1) the Court's jury charge was biased; (2) the Court incorrectly allowed the prosecutor to question witnesses about the presence of guns and knives during the robbery because he was indicted for robbery by *assault* not by *firearms*; (3) he was not assisted by counsel during his line up, and (4) the officers who arrested him did not have a warrant or probable cause These grounds have no merit.

■ (1) This Court has read the trial court's charge, and it is obvious that the charge clearly instructed the jury on the law relevant to the petitioner's case. The judge's charge contained no comments upon the facts of the case, and the court clearly charged the jury upon the law relevant to petitioner's one affirmative defense. Due process does not require more. Gomez v. Beto, 402 F.2d 766 (5th Cir. 1968); (per curiam); cert. denied 394 U.S. 936, 89 S. Ct. 1217, 22 L.Ed.2d 469 (1969); *See*

*also*: Linebarger v. State of Oklahoma, 404 F.2d 1092, 1095 (10th Cir. 1968); cert. denied 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470 (1968); United States ex rel. Mintzer v. Dros, 403 F.2d 42, 43 (2nd Cir. 1967) (per curiam); cert. denied sub nom. Mintzer v. Dros, 390 U.S. 1044, 88 S.Ct. 1643, 20 L.Ed.2d 305 (1968).

 (2) Due process is not violated so long as there is some evidence to support a state criminal conviction. Federal courts do not have the power in habeas corpus proceedings to reexamine state evidentiary rulings to ascertain if they were correct, but instead must examine them *solely* to ascertain if an incorrect ruling denied an accused a fundamentally fair trial. Scalf v. Bennett, 408 F.2d 325, 329 (8th Cir. 1969); cert. denied 396 U.S. 887, 90 S.Ct. 175, 24 L.Ed.2d 161 (1970); Jackson v. People of California, 336 F.2d 521 (9th Cir. 1964); Jackson v. Bergeron, 306 F.Supp. 1263, 1266 (E.D.La.1969). This Court has reviewed the state trial transcript and has ascertained (1) that there was ample evidence of guilt presented to fulfill due process, and (2) that the mention of knives and guns did not deny the accused a fundamentally fair trial.

 (3) Since (a) petitioner was tried and sentenced prior to the Supreme Court's opinion in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and (b) *Wade* is not retroactively applied to prior trials, Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), petitioner was not denied due process because he did not have counsel present at his police line up.

 (4) When one is illegally arrested, it is regrettable. Due process, however, is not violated by an illegal arrest. Abraham v. Wainwright, 407 F.2d 826 (5th Cir. 1969); Cabrera v. Smith, 308 F.Supp. 389, 394 (D.Vt. 1969). Petitioner did not confess, and the state did not introduce into evidence anything seized from petitioner at the time of the arrest or subsequently found due to his police interrogation. Therefore, no evidence having been admitted during trial which could be construed as stemming from "the fruits of the poisonous tree", petitioner's illegal arrest did not deny him a fundamentally fair trial. *Id.*

### Claim Four

 Petitioner's contention that he was denied the assistance of competent counsel is absurd. After careful examination of the state court records, this Court is convinced that Moore's court-appointed counsel conscientiously represented his interests and rendered legal services far superior to those which have been held to satisfy minimal due process requirements. Mosley v. Smith, 404 F.2d 346 (5th Cir. 1968); Horsley v. Simpson, 400 F.2d 708, 710–711 (5th Cir. 1968); Williams v. Beto, 354 F.2d 698, 704 (5th Cir. 1965).

### Claim Five

Lastly, petitioner contends that he was denied a fundamentally fair trial because the state prosecutor was allowed to impeach the testimony of a defense witness by the use of a prior inconsistent statement. Specifically, he contends that the witness' testimony was improperly impeached by the use of an affidavit which the witness had made when she was allegedly seeking leniency from the police during police questioning.

 The impeachment of credibility is a fundamental process in the judicial system's quest for truth. The constitutionality of the time honored practice is too commonplace to be denied. Cal. v. Green, 399 U.S. 149, 161, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). The use of a prior inconsistent statement for impeachment purposes is governed by the same principles enumerated in the Court's discussion of Claim Three subpart (2) above. A thorough examination of the transcript shows that the impeachment complained of did not deny the accused a fair trial. Frierson v. State of South Carolina, 314 F.Supp. 444, 446 (D.S.Car.1970).

Therefore, for the reasons enumerated above, it is Ordered that the petition be dismissed. The Clerk shall send copies of the Memorandum and Order to petitioner and respondent's counsel.

### FINAL JUDGMENT

Petitioner's application for the writ of habeas corpus having come on for consideration, and after due consideration, for the reasons stated in the Memorandum and Order of even numbered date,

It is Ordered and Adjudged that the petition for habeas corpus is denied.