[Crim. No. 15970. Second Dist., Div. Two. Feb. 22, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
EDDIE DEAN GRIFFIN, Defendant and Appellant.

## COUNSEL

Morris Lavine, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Howard J. Schwab, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**HERNDON, J.**—It was over nine years ago, on December 4, 1961, that Essie Mae Hodson died in a hospital as the result of bodily injuries which she had suffered on the previous day in a beating so wantonly savage that it is somewhat anomalous to say that the crime was committed by human agency.

This case has a remarkably long procedural history. There have been four lengthy jury trials. Two of the resulting judgments of conviction have been reviewed by the Supreme Court of California and one of them by the Supreme Court of the United States.

In his first trial defendant was found guilty of first degree murder and sentenced to death. On automatic appeal this judgment was affirmed by the Supreme Court of California. (*People* v. *Griffin,* 60 Cal.2d 182 [32 Cal.Rptr. 24, 383 P.2d 432].) The United States Supreme Court reversed on the ground that the prosecutor's comments and the trial court's instructions to the jury concerning defendant's failure to take the stand and testify violated the self-incrimination clause of the Fifth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment in *Malloy* v. *Hogan,* 378 U.S. 1 [12 L.Ed.2d 653, 84 S.Ct. 1489]. (*Griffin* v. *California,* 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229].)

The second trial ended in a hung jury and a mistrial was declared. The case proceeded to a third trial in which the jury again found defend-

ant guilty of first degree murder and fixed the punishment at death. This judgment of conviction was reversed by the Supreme Court of California on the ground that the trial court had erred in excluding evidence that defendant had been acquitted of a subsequent sex crime by a Mexican court, evidence of which offense had been properly admitted because of the similarities between said subsequent crime and that with which defendant was charged. (*People* v. *Griffin,* 66 Cal.2d 459 [58 Cal.Rptr. 107, 426 P.2d 507].)

In the fourth trial the jury found defendant guilty of first degree murder and imposed the penalty of life imprisonment. The instant appeal has been taken from the ensuing judgment of conviction.

In appellant's opening brief his counsel quite properly has stated the facts of the case by quoting at length the summary of the evidence as set forth in the opinion authored by Chief Justice Traynor in *People* v. *Griffin, supra,* 66 Cal.2d 459. As counsel has thus indicated, the evidence contained in the instant record is substantially the same as that contained in the record reviewed by the Supreme Court on the last previous appeal. Reference to the opinion authored by Justice McComb in *People* v. *Griffin, supra,* 60 Cal.2d 182, discloses that the evidence reviewed on that appeal also was substantially the same.

In view of the foregoing observations and because nearly all of the assignments of error now advanced by appellant have been considered and rejected in the cited decisions of the California Supreme Court, we have concluded that it would be a wasteful work of supererogation for us to burden this opinion with lengthy and repetitious quotations from those decisions. Accordingly, we hereby adopt by reference the statements of the case as set forth in *People* v. *Griffin, supra,* 66 Cal.2d 459, at pp. 461-463. To the extent that appellant's contentions herein are directly contradicted by the above cited decisions of our Supreme Court, we shall reject them summarily for the obvious reason that we are bound to follow the law of the case as declared in those decisions on the basis of reviews of essentially identical records. (*People* v. *Terry,* 61 Cal.2d 137, 151 [37 Cal.Rptr. 605, 390 P.2d 381]; *People* v. *Hillery,* 65 Cal.2d 795, 803 [56 Cal.Rptr. 280, 423 P.2d 208]; *People* v. *Modesto,* 66 Cal.2d 695, 705 [59 Cal.Rptr. 124, 427 P.2d 788].)

We reject appellant's contentions that the evidence was insufficient to support the verdict and insufficient to establish rape or attempted rape for the reasons stated in both of the former Supreme Court decisions in *Griffin.* It is to be noted that in the dissenting opinion in the second *Griffin* appeal, authored by Justice Burke and concurred in by Justice McComb, the view was expressed that the error for which the majority

reversed was nonprejudicial and that "there is overwhelming evidence that defendant killed Essie Mae Hodson in the perpetration of, or in the attempt to perpetrate, rape." As most recently stated in *People* v. *Reilly,* 3 Cal.3d 421, 424-425 [90 Cal.Rptr. 417, 475 P.2d 649]: ■ "It is clear, however, that the lack of eyewitnesses and of direct evidence that defendant used an instrument upon the decedent do not by themselves render the finding of guilt invalid for lack of evidentiary support. The People, of course, may rely on circumstantial evidence to connect the defendant with the commission of the crime charged and to establish beyond a reasonable doubt that he committed it. (*People* v. *Mosher,* 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659]; *People* v. *Teale,* 70 Cal.2d 497, 505 [75 Cal.Rptr. 172, 450 P.2d 564]; *People* v. *Hillery,* 62 Cal.2d 692, 702 [44 Cal.Rptr. 30, 401 P.2d 382].) ■ An appellate court must view the evidence in the light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. (*People* v. *Mosher, supra; People* v. *Redmond,* 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].) ■ ' "If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment." ' (*People* v. *Hillery, supra,* quoting from *People* v. *Robillard,* 55 Cal.2d 88, 93 [10 Cal.Rptr. 167, 358 P.2d 295, 83 A.L.R.2d 1086]; in accord, *People* v. *Mosher, supra, People* v. *Newland,* 15 Cal.2d 678, 680-683 [104 P.2d 778].) ■ The test on appeal is whether substantial evidence supports the conclusion of the trier of fact, not whether the evidence proves guilt beyond a reasonable doubt. (*People* v. *Mosher, supra.*) The appellate court must determine whether a reasonable trier of fact could have found the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt. (*People* v. *Redmond, supra; People* v. *Bassett,* 69 Cal.2d 122, 139 [70 Cal.Rptr. 193, 443 P.2d 777]; *People* v. *Hall,* 62 Cal.2d 104, 109-110 [41 Cal. Rptr. 284, 396 P.2d 700].)"

The contention that the evidence of appellant's attempted rape committed in Mexico should not have been admitted has been twice rejected by the California Supreme Court in the above cited *Griffin* decisions.

Appellant mistakenly contends that his right of confrontation was infringed when the testimony of the deceased witness Villasenor given at the former trial was read to the jury pursuant to section 1291 of the Evidence Code. His argument that section 1291 is unconstitutional and violative of his Sixth and Fourteenth Amendment rights has been rejected in *People* v. *Williams,* 265 Cal.App.2d 888, 895-897 [71 Cal.Rptr. 773] (hg. den.). (See also, *People* v. *Haney,* 249 Cal.App.2d 810, 817 [58 Cal.Rptr. 36],

cert. den. 389 U.S. 915 [19 L.Ed.2d 268, 88 S.Ct. 250]; *People* v. *Banks,* 242 Cal.App.2d 373, 379 [51 Cal.Rptr. 398], cert. den. 387 U.S. 92 [18 L.Ed.2d 588, 87 S.Ct. 1505].)

Appellant next contends that the jury should not have been allowed to consider finding any degree of murder other than that of second degree since the prosecutor and defense counsel had stipulated that in his second trial, which resulted in the mistrial, the foreman of the jury had announced that the vote had been two for guilty of second degree murder and ten for acquittal. This identical contention was rejected in *People* v. *Griffin, supra,* 66 Cal.2d 459, 464. *Green* v. *United States,* 355 U.S. 184, 190-191 [2 L.Ed.2d 199, 205-206, 78 S.Ct. 221, 61 A.L.R.2d 1119], is distinguishable for the reason that a jury in that case had reached a verdict of second degree murder and a judgment of conviction thereon had been entered and subsequently reversed.

For the reasons above stated, we reject appellant's contention that the jury was improperly instructed relative to the crime of rape for the reason that there was no sufficient evidence of rape in the record. Equally without merit is the contention that the trial court erred in giving instructions both on the theory of felony rape-murder and on the theory of a premeditated murder committed deliberately and with malice aforethought. The jury was properly instructed on theories of felony murder and deliberate and premeditated murder. Contrary to appellant's assertion, the jury was properly instructed that in the event they found that the killing was not perpetrated in the course of rape or attempted rape, the offense could be second degree murder or manslaughter.

Appellant's remaining assignments of error with respect to the jury instructions are predicated upon the arguments that the testimony given by the deceased witness at prior trials and the evidence concerning the attempted rape in Mexico had been improperly admitted. Obviously the law of the case requires rejection of these contentions.

Finally, there is no semblance of merit in appellant's contentions that the prosecutor was guilty of prejudicial misconduct. Quite apart from the fact that there was no assertion of misconduct in the trial court, each and every of appellant's assignments of misconduct are based upon arguments which are clearly contradicted by the law of the case.

At the conclusion of his oral argument in this case, counsel for appellant requested and was granted leave to file a written motion entitled "Motion to Vacate the Judgment and Dismiss the Case" with a supporting memorandum of points and authorities. The stated ground upon which the motion is made is "that the defendant was denied a speedy trial guaranteed

by the due process clause of the Fourteenth Amendment to the Constitution of the United States and has now been in custody since December 4, 1961 in excess of nine years, due to errors committed by the state in the various trials to which he was been subjected . . ."

The Attorney General having filed an opposition to the motion within the time allowed by the order of this court, the motion is now submitted in conformity with the terms of that order.

Quite apart from the tardiness of this motion made for the first time at oral argument on this appeal from the judgment, it is wholly without support either in reason or in precedent. Indeed, the decisions cited by counsel for appellant argue against him and dictate our denial of the motion.

In *United States* v. *Persico* (2d Cir. 1970) 425 F.2d 1375, the identical contention was advanced in support of a motion to dismiss made in the trial court following the fourth trial of the appellants on charges of robbery and conspiracy to commit robbery. In affirming the judgment of conviction which ended the fifth trial, the United States Court of Appeals for the Second Circuit recited the procedural history of the case.

The appellants Persico et al. had been tried five times on an indictment filed in April of 1960. The first trial, in May of 1961, ended in a jury disagreement. The second trial, in June of 1961, resulted in convictions of the appellants on both counts. These convictions were reversed because of errors at trial. The third trial, in the spring of 1963, was aborted as to certain of the appellants by the declaration of a mistrial and the jury disagreed as to the other defendants. The fourth trial, which lasted from January to April 1964, resulted in the conviction of all of the appellants. These convictions were reversed because of errors in the trial court's charge. The fifth trial which resulted in the convictions affirmed by the Court of Appeals in the cited decision was completed in May of 1968.

The following quotation from the opinion of the Court of Appeals indicates the holding of the court upon the issue presently under discussion:

"Appellants contend that the repeated trials, and the delay of two and one half years following this court's reversal in July 1965 of the verdict in the fourth trial, violated their right to a speedy trial and constitute cruel and unusual punishment. They claim that the indictment should have been dismissed on their motions and that they should not have been subjected to a fifth trial.

"The claim that the indictment should have been dismissed because of

the repeated retrials of this case was made to this court after the fourth trial and was rejected and a fifth trial ordered.

"As for the claim of denial of a speedy trial, it appears from the record that the defendants acquiesced in the repeated postponements. There is no indication of 'purposeful or oppressive' delay on the part of the government. Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). Moreover at no time prior to their motion in 1967 to dismiss the indictment did defendants make a motion to speed up the trial of their case or attempt in any other way to secure an early trial. See id. at 362 n. 8, 77 S.Ct. 481; United States v. Aadal, 407 F.2d 381, 382 (2d Cir.) (per curiam) (and cases cited therein), cert. denied, 394 U.S. 1008, 89 S.Ct. 1601, 22 L.Ed.2d 789 (1969); United States v. Lustman, 258 F.2d 475, 478 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958).

"As the trial judge found, the specific circumstances advanced by appellants as constituting prejudice resulting from delay are not impressive." (*United States* v. *Persico, supra,* 425 F.2d at pp. 1384-1385.)

The cited decision of the Court of Appeals was filed on April 15, 1970. Petitions for certiorari thereafter filed by appellants Persico and McIntosh were denied by the Supreme Court of the United States by orders entered on October 19, 1970 (*McIntosh & Persico* v. *United States,* 400 U.S. 869 [27 L.Ed.2d 108, 91 S.Ct. 102]).

The record in the case at bench discloses that appellant's fourth trial was delayed some nine months *at his own request.* On July 6, 1967, within the statutory time after the filing of the Supreme Court's remittitur, appellant was brought before the court for trial setting. The transcript reveals the following response to the request of appellant's counsel for a setting in November:

"THE COURT: All right. You have a right to have your case tried at an earlier date, Mr. Griffin, by law, a period of 60 days after a remittitur comes down. Your attorney is asking a date in the middle of November, which is past that 60 day period. Understanding that fact, is it agreeable to you at this time to waive your statutory right to have an earlier date? Do you agree to have this case tried on the date that your attorney requests, namely, the middle of November? THE DEFENDANT: Yes, sir. THE COURT: Counsel join? MR. MAY: Yes, your Honor. MR. SWEETERS: People join. MR. MAY: The 6th or so would be agreeable with him, the 6th on. THE COURT: This matter will be set for trial November 6th, Department 110, at 9:00 o'clock."

When the case was called for trial on November 6, 1967, appellant's

counsel moved that the trial be continued to January 3, 1968, on the stated ground that "further investigation is required." Before granting the continuance, the court inquired of appellant as follows: "Mr. Griffin, you are entitled to a speedy trial. Do you agree to this continuance to January 3 at 9:00 a.m. and waive time?" Appellant answered, "Yes, Sir."

On January 3, 1968, appellant moved for a further four-month continuance on the same ground. After a lengthy discussion the prosecutor reluctantly consented. The ensuing proceedings are recorded as follows: "THE COURT: Well, you have got four months to resolve it in. The Court will continue the case to April the 2nd if the defendant will waive time. Do you agree to this continuance and waive time, Mr. Griffin? You are entitled to a prompt trial. Your counsel has stated that he wishes additional time to conduct an investigation involving some feature of this case which apparently is centered in Mexico. Do you agree to this continuance and waive time? THE DEFENDANT: I agree with my attorney. THE COURT: Your answer is that you do waive time and agree to this continuance? THE DEFENDANT: Yes, sir. MR. MAPLE: Counsel joins. THE COURT: Very well. The case will be continued to April 2nd at 9:00 a.m. and the Court will indicate at this time that the case should be tried on that date. If it is continued for four months it would seem that counsel would have ample time to prepare in that period of time, considering the history of the case."

On April 1, 1968, appellant made a motion for a further continuance in excess of six weeks. This motion was denied and the case proceeded to trial on April 2, 1968.

Here, as in *United States* v. *Persico, supra,* 425 F.2d 1375, there is nothing in the record indicative of "purposeful or oppressive" delay on the part of the state. In *Persico* the specific circumstances advanced by appellants as constituting prejudice resulting from delay were characterized as "not impressive." In the case at bench appellant has made *no* showing of *any* circumstances constituting prejudice. As we have previously indicated, the evidence of appellant's guilt has properly been characterized as overwhelming.

■ The California decisions have held uniformly and consistently that a reversal of a conviction places a defendant in the same position as if he had never been tried; a reversal of a judgment of conviction vests the defendant with no immunity from further prosecution. (*People* v. *Henderson,* 60 Cal.2d 482, 495 [35 Cal.Rptr. 77, 386 P.2d 677]; *People* v. *Murphy,* 59 Cal.2d 818, 833 [31 Cal.Rptr. 306, 382 P.2d 346]; *People* v. *Phillips,* 270 Cal.App.2d 381, 385 [75 Cal.Rptr. 720], cert. den. 396 U.S. 1021 [24 L.Ed.2d 514, 90 S.Ct. 593].) The same rules apply

to a mistrial resulting from a hung jury. (*People* v. *Griffin, supra,* 66 Cal.2d 459, 464; *People* v. *Demes,* 220 Cal.App.2d 423, 433 [33 Cal. Rptr. 896], cert. den. 377 U.S. 946 [12 L.Ed.2d 308, 84 S.Ct. 1354]; *People* v. *Crooms,* 66 Cal.App.2d 491, 499 [152 P.2d 533]; *People* v. *Messerly,* 46 Cal.App.2d 718, 721 [116 P.2d 781].) In *People* v. *Terry,* 70 Cal.2d 410, 417-418 [77 Cal.Rptr. 460, 454 P.2d 36], cert. den. 399 U.S. 911 [26 L.Ed.2d 566, 90 S.Ct. 2205], the Supreme Court rejected the contention that subjecting him to a fifth penalty trial would constitute cruel and inhuman punishment.

The motion to vacate the judgment and dismiss the case is denied. The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 22, 1971.