[Crim. No. 19335. Second Dist., Div. Five. May 8, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
LYNN JOSEPH DORSEY et al., Defendants and Appellants.

**COUNSEL**

Barber & Bate and Randle H. Bate for Defendants and Appellants.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Barbara T. King, Frederick R. Millar, Jr., and Shunji Asari, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STEPHENS, J.**—Defendants were charged in consolidated informations with committing the crime of attempted grand theft, a violation of Penal Code sections 487, subdivision 3, and 664, a felony. Defendants entered pleas of not guilty, and after motions under Penal Code sections 1538.5 and 995, the trial was had, with the evidence being submitted as recorded in the transcript of the preliminary hearing. Each defendant was found guilty of a violation of Vehicle Code section 10852, which was termed by the court as a lesser included offense. Probation was denied and sentence imposed. This appeal followed.

The facts most favorable to the prosecution are that one Meador was the owner of a vehicle with wire wheels. He parked his car in a parking space near his apartment, and affixed it with a lock and chain drawn

through the spokes of the wheels to a trash can. At approximately 5 a.m. on August 28, 1969, Meador heard what sounded to him to be a chain being removed from the wheels of his car and the chain being placed upon the hood of the vehicle. He looked outside, but could not see what had happened. After dressing, he went to the car and saw that what he had concluded was in fact what had happened. He called the police. The police arrived promptly, and after hearing the facts recited by Meador, drove around the area to ascertain if any suspects were in the vicinity. They observed defendants driving slowly along the road, not far from Meador's parked car. Defendants' car was going from side to side in the road, slowing as it came alongside of parked vehicles, in a manner suggestive of casing for purposes of theft. Defendants sought to avoid the police by changing direction several times, but were eventually stopped by them. In defendants' car was seen a tool customarily used in car thefts, and after defendants' arrest, the car was searched, producing what appeared to the trial judge to be a sophisticated car-thief's supply of working tools. After proper *Miranda* warnings, two of the three persons in defendants' car, including one of the defendants, made highly incriminating statements approaching the status of confessions.

The principal contention on appeal is that the code section under which defendants were convicted is not a lesser included offense. Technically, this may be true; however, the rule expressed in *People* v. *Francis,* 71 Cal.2d 66, at page 74 [75 Cal.Rptr. 199, 450 P.2d 591] does not compel a reversal on this ground. In *Francis,* under identical material circumstances to the instant case, the court stated: "Although it appears that Francis was convicted of a crime not included in the charge against him, reversal is not required under the circumstances of this case. The preliminary hearing transcript contains evidence that would have supported a finding of guilt of the crime charged . . . [citations], and of the crime of which he was convicted. As noted the case was submitted on the preliminary hearing transcript. No evidence was offered on Francis' behalf and no argument was made by [his] attorney . . . . In submitting the case neither Francis nor his attorney could rationally have anticipated anything other than a finding of guilt of some offense. When the trial court announced its finding the attorney's response was 'Thank you, your Honor,' indicative of his feeling that the judge had given Francis the benefit of being found guilty of a lesser offense. It is understandable that neither Francis nor his lawyer thereafter made any objection in the trial court to the court's finding. At the proceedings for the pronouncement of judgment the only remarks made on Francis' behalf were a plea for probation."

Under these same circumstances in the instant case, we apply the rule of *Francis.*

This does not dispose of the matter, however, for, since *Francis*, the rule of *In re Mosley*, 1 Cal.3d 913, 926, footnote 10 [83 Cal.Rptr. 809, 464 P.2d 473], has become applicable to a trial where submission on the preliminary transcript is tantamount to a slow plea of guilty to some offense. In *Mosley*, the court stated: "As we recently held in *Tahl* [1 Cal.3d 122 (81 Cal.Rptr. 577, 460 P.2d 449)], the requirement of *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], that the defendant's waiver of rights involved in a guilty plea affirmatively appear on the record is to be given prospective application. Thus, petitioner herein is precluded from reliance upon *Boykin*. We think it clear, however, that *Boykin* and *Brookhart* [384 U.S. 1 (16 L.Ed.2d 314, 86 S.Ct. 1245)], taken together, require that in the future the use of stipulations which, in the circumstances of the particular case, are *in fact* tantamount to a plea of guilty . . . must be accompanied by an affirmative showing on the record that the defendant waives his right to freedom from compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. [Citation.]" Our review of the instant record establishes that there is nothing therein showing that defendants recognized the import of their submission on the record on the preliminary hearing. That transcript shows that at the time of submission, the prosecutor stated to the defendants: ". . . . Do each of you understand that the judge is going to read the transcript in this matter, and then decide what you are guilty of, if anything, or whether you are not guilty? Do each of you understand that?" And the closest statement of what occurred off the record and at the conference at the bench, which was immediately prior to the submission, is again the statement of the prosecutor: "Mr. Dorsey, Mr. Dorsey, and Mr. Lee, your counsel have indicated to me and the Court it is your desire to submit the matter of your guilt or innocence *of this charge or any lesser charge* on the transcript of the testimony that was had at the preliminary hearing. Do each of you understand that?" (Italics added.) The defendants responded in the affirmative. In addition to the above, each of the defendants personally waived his rights to trial by jury and to confront his accusers, but the record does not reflect that either defendant "waive[d] his right to freedom from compulsory self-incrimination." Since this error in failing to obtain the personal waiver of this guaranteed right is of constitutional dimension, the case must be reversed.

The judgments are reversed.

Kaus, P. J., concurred.

**COLE, J.**\*—I concur in the majority opinion. I believe, however, that

---

\*Assigned by the Chairman of the Judicial Council.

instead of a straight reversal of the judgment, the trial court should be instructed to find whether or not the judgment of violation of section 10852 of the Vehicle Code was the result of a plea bargain. If the trial court so finds, then it should be instructed to restore the *status quo ante* and to retry defendants on the original plea of attempted grand theft auto. (*In re Sutherland,* 6 Cal.3d 666, 672 [100 Cal.Rptr. 129, 493 P.2d 857].)

A reversal is required even if a plea bargain was involved. In *In re Sutherland, supra,* the Supreme Court applied the requirements of *In re Tahl,* 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449] to a guilty plea entered as a result of a plea bargain. The state of the record is such that it cannot definitely be said a plea bargain was in fact made, but it clearly appears to me that the "slow plea" implicit in the agreement to submit on the transcript likely was the product of a bargain that if defendants were convicted at all, they would be found guilty only of a misdemeanor violation.

A plea bargain is an agreement which involves a knowing waiver by a defendant of his constitutional rights. (*People* v. *West,* 3 Cal.3d 595 [91 Cal.Rptr. 385, 477 P.2d 409]; *In re Sutherland, supra.*) Just as the state and its agents are required to comply strictly with the terms of any such plea bargain, its consensual nature requires that a defendant not be placed in a position where, if the bargain goes awry, he should stand in a better position than had he not made it.

Unless a new plea bargain is properly arrived at, then the matter should be set for retrial on the original consolidated informations charging attempted grand theft of an automobile, or any amendments to the information the court may allow. Such a procedure insures the integrity of the plea bargain procedure. It also emphasizes that such an arrangement is a two-way street.

A petition for a rehearing was denied June 7, 1972, and the judgment was modified to read as printed above. Cole, J.,* was of the opinion that the petition should be granted. Respondent's petition for a hearing by the Supreme Court was denied August 2, 1972.

---

*Assigned by the Chairman of the Judicial Council.