[Crim. No. 23255. Second Dist., Div. Four. Aug. 28, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES MARK DORSEY, Defendant and Appellant.

**COUNSEL**

Randle H. Bate for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**JEFFERSON, Acting P. J.**—Defendant James Mark Dorsey was charged by information with the attempted grand theft of an automobile pursuant to sections 664 and 487, subdivision 3, of the Penal Code. Defendant's motions under sections 995 and 1538.5 of the Penal Code were heard and denied. The matter was thereafter submitted to the trial court on the transcript of the preliminary hearing, and the defendant was found guilty of a lesser and necessarily included offense, the violation of Vehicle Code section 10852, which prohibits willfully injuring or tampering with a vehicle or breaking or removing any part thereof without the consent of the owner. Defendant was sentenced to six months in the county jail. He appealed the judgment successfully, on the ground that his submission on the preliminary transcript was tantamount to a plea of guilty, and that the record disclosed that the defendant had not knowingly waived his right of self-incrimination. (*In re Mosley,* 1 Cal.3d 913 [83 Cal.Rptr. 809, 464 P.2d 473].)

The case was remanded and set again for trial. Defendant was permitted to enter a plea of former jeopardy (pursuant to Pen. Code, § 1023). He renewed motions under Penal Code sections 995 and 1538.5. These motions were ordered off calendar by the trial court on the ground that they had already been heard and denied prior to the conviction which was reversed. The plea of former jeopardy was ordered stricken. After a court trial, the defendant was found guilty of attempted grand theft, placed on probation for three years and fined. He now appeals the second conviction.

A recital of the factual situation leading to the defendant's arrest for the crime charged is set forth in detail in the previous opinion of this court (*People* v. *Dorsey,* 25 Cal.App.3d 366 [101 Cal.Rptr. 826]) and need not be repeated here.

■ Defendant contends that the trial court erred at the second trial by denying his former jeopardy plea. We find no error. Penal Code section 1262 sets forth, inter alia, that "If a judgment against the defendant is reversed, such reversal shall be deemed an order for a new trial, unless the appellate court shall otherwise direct." In this case, the remittitur did not contain any directions. Further, it is well settled law that the reversal of a judgment of conviction does not clothe the defendant with immunity from further prosecution of the offense for which he was convicted. "The California decisions have held uniformly and consistently that a reversal of a conviction places a defendant in the same position as if he had never been tried; a reversal of a judgment of conviction vests the defendant with no immunity from further prosecution." (*People* v. *Griffin,* 15 Cal.App.3d 442, 450

[93 Cal.Rptr. 319]; also see: *People* v. *Murphy,* 59 Cal.2d 818, 833 [31 Cal.Rptr. 306, 382 P.2d 346]; *People* v. *Henderson,* 60 Cal.2d 482, 495 [35 Cal.Rptr. 77, 386 P.2d 677]; *People* v. *Phillips,* 270 Cal.App.2d 381, 385 [75 Cal.Rptr. 720, 45 A.L.R.3d 105].)

■ Defendant further contends that it was error for the trial court to permit retrial on the charge of attempted grand theft, as it placed him in jeopardy because his previous conviction of a lesser included offense necessarily constituted an acquittal of the greater offense charged. (*Gomez* v. *Superior Court,* 50 Cal.2d 640, 648, 652 [328 P.2d 976]; *In re Hess,* 45 Cal.2d 171, 175, 176 [288 P.2d 5].) There is a distinction to be drawn between the situation where the previous conviction was the result of a trial and where it was the result of a plea bargain. In the instant case, the first conviction resulted from defendant's "slow plea," and was not, as such, an acquittal of the larger offense of attempted grand theft. Therefore, the trial court correctly restored the status quo ante and the defendant stood trial on the original larger charge made against him. To hold otherwise would place the defendant whose conviction was reversed because of error in the plea bargain in a protected position at the second trial. (See the concurring opinion in *People* v. *Dorsey,* cited *supra,* at p. 369; *In re Sutherland,* 6 Cal.3d 666, 671 [100 Cal.Rptr. 129, 493 P.2d 857]; *People* v. *Kirkpatrick,* 7 Cal.3d 480 [102 Cal.Rptr. 744, 498 P.2d 992]; *In re Gannon,* 26 Cal.App.3d 731, 738, 739 [103 Cal.Rptr. 224].)

■ Defendant finally claims that the trial court erred in placing his motions made pursuant to Penal Code sections 995 and 1538.5 off calendar, on the ground that they had previously been heard and denied at the first trial. The reversal of defendant's conviction returned him to the position he occupied prior to his conviction, i.e., facing trial after the denial of his motions to set aside the information and suppress the evidence. Defendant made no showing of any change of circumstance necessitating renewal of these motions at the second trial. The opportunity of renewing such motions for a second time is within the discretion of the trial court judge upon retrial. (*People* v. *Burch,* 196 Cal.App.2d 754, 765 [17 Cal.Rptr. 102].) We find no abuse of discretion here.

Judgment affirmed.

Kingsley, J., and Dunn, J., concurred.