[Crim. No. 18622. In Bank. Dec. 24, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
LAMONT ANDERSON, Defendant and Appellant.

COUNSEL

Stanley Clark, under appointment by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**RICHARDSON, J.**—Defendant appeals from a conviction of tampering with a vehicle (Veh. Code, § 10852) after a jury verdict of grand theft-auto (Pen. Code, § 487, subd. 3) was modified by the trial court and judgment was entered for the lesser offense. Defendant contends that this modification was improper because the offense of tampering with an auto is not a necessarily included offense of grand theft-auto. Defendant further argues that, in the event judgment is reversed, a retrial on the grand theft-auto charge of which he was "impliedly acquitted" is barred on double jeopardy and due process grounds. (See *People* v. *Serrato* (1973) 9 Cal.3d 753 [109 Cal.Rptr. 65, 512 P.2d 289].) Since we have concluded that tampering with a vehicle is a necessarily included offense of grand theft-auto, discussion of the latter question is rendered unnecessary, and, accordingly, we affirm the judgment of the trial court.

On February 13, 1974, defendant and two codefendants were charged with two counts of grand theft-auto (Pen. Code, § 487, subd. 3). These two counts were phrased in the language of the general theft statute (Pen. Code, § 484, subd. (a)) and contained no explanatory factual allegations. The counts charged defendant with "willfully, unlawfully and feloniously tak[ing] a certain automobile then and there the personal property of [Henry Sambrano in count I and David Orozco in count II]." A third count of the information named defendant only and charged him with receiving stolen property (Pen. Code, § 496). At trial the evidence disclosed that defendant's codefendants were apprehended in an alley near three partially stripped cars, two of which had previously been reported as stolen. Some car parts were missing and other parts and tools were found on the ground nearby. Defendants' fingerprints were

discovered on the steering wheel of one car and on car parts located on the ground.

The jury returned a verdict against defendant on one count of grand theft-auto and acquitted him of the remaining two counts. The trial court denied defendant's motion for new trial but modified the verdict (see Pen. Code, § 1181, subd. 6) finding defendant guilty of tampering with a vehicle in violation of Vehicle Code section 10852, assertedly a lesser included crime of grand theft-auto. Defendant appeals.

■ The authority of a trial court to modify a jury verdict in lieu of granting a new trial is limited to those cases in which the verdict is contrary to the law or evidence and the record discloses defendant is guilty of a lesser degree of the crime of which he was convicted or a lesser crime included therein. (Pen. Code, § 1181, subd. 6.) This latter provision is based upon due process considerations: A criminal defendant must be given fair notice of the charges against him in order that he may have a reasonable opportunity properly to prepare a defense and avoid unfair surprise at trial. (*People* v. *Marshall* (1957) 48 Cal.2d 394, 405 [309 P.2d 456]; *In re Hess* (1955) 45 Cal.2d 171, 175 [288 P.2d 5]; see *People* v. *West* (1970) 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409].)

■ In determining whether one crime is a lesser included offense of another, courts ordinarily look to the specific language of the accusatory pleading rather than the statutory definition of the greater crime. (*People* v. *Thomas* (1962) 58 Cal.2d 121, 128 [23 Cal.Rptr. 161, 373 P.2d 97]; *People* v. *Marshall, supra,* 48 Cal.2d 394, 397, 405.) As in the present case, however, where the accusatory pleading is couched in terms of the statutory definition of the greater crime and no additional factual allegations are included therein, the courts necessarily must rely solely upon the statutory definition. (Witkin, Cal. Criminal Procedure (1963) § 544, p. 555; see also *People* v. *Clenney* (1958) 165 Cal.App.2d 241, 249, 251 [331 P.2d 696].)

■ The test which is utilized in determining whether one offense is a lesser included offense of another is as follows: " ' . . . [W]here an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.' " (*People* v. *Thomas, supra,* 58 Cal.2d at p. 128; *In re Hess, supra,* 45 Cal.2d 171, 174; *People* v. *Greer* (1947) 30 Cal.2d 589, 596 [184 P.2d 512].) "Thus before a lesser offense can be said to constitute a necessary part of the greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be

included in the elements of the greater offense." (*People* v. *Francis* (1969) 71 Cal.2d 66, 73 [75 Cal.Rptr. 199, 450 P.2d 591].) We apply these general principles to the case at hand.

■ The alleged greater offense, grand theft-auto, is defined as feloniously stealing, taking, carrying, leading or driving away an automobile of another. (Pen. Code, §§ 484, subd. (a); 487, subd. 3.) The claimed lesser and included crime is violation of Vehicle Code section 10852, which reads: "No person shall either individually or in association with one or more other persons, wilfully injure or tamper with any vehicle or the contents thereof or break or remove any part of a vehicle without the consent of the owner."

The People, arguing in support of the trial court's action in modifying the verdict from grand theft-auto to tampering, urge initially that it is physically impossible to steal an entire automobile without also (1) removing a part of it, or (2) tampering with it. We reject the first conclusion and accept the second.

The first assertion is based on the premise that in stealing an automobile, one must steal all the individual parts, the steering wheel, the engine, the door, etc. We find this argument unconvincing. A careful reading of Vehicle Code section 10852 reveals that it specifies in the alternative two types of proscribed conduct: (1) tampering with or injuring the vehicle *as a whole,* or (2) breaking or removing individual *parts* of the vehicle. The second category of prohibited conduct seemingly contemplates "stripping," that is, damaging or removing various parts from the vehicle rather than stealing the vehicle itself. Since it is apparent that an automobile can be stolen without necessarily stripping it or damaging or removing parts in the process, the People's argument in this regard must fail.

Addressing the first category of proscribed conduct, however, the People also urge that stealing a vehicle necessarily includes "tampering" with it. This contention has merit. An accepted definition of "tamper" is to "interfere with." (Webster's New World Dict. (2d College ed. 1974).) Interference includes conduct which is broader in scope than merely damaging a vehicle, for it encompasses any act inconsistent with the ownership thereof. Irrespective of the means used, one who steals an automobile must necessarily "interfere with" it because the act of exercising control over the vehicle in the act of theft is inconsistent with the owner's right of immediate and continuous possession. We therefore

conclude that stealing an automobile necessarily includes "tampering" with it, and thus constitutes conduct violative of Vehicle Code section 10852.

Defendant contends, however, that the Vehicle Code section contemplates only stealing, damaging or tampering with individual parts of a vehicle, activity which is not necessarily involved in stealing the entire vehicle. Yet, a review of the statutory history of section 10852 fails to support his argument. The section had its origin in a 1913 statute (Stats. 1913, ch. 326, § 30, p. 651), former versions of which, until 1935, made it a misdemeanor to "wilfully break, injure, *tamper with* or remove *any part or parts* of any motor vehicle . . . ." (Stats. 1913, ch. 326, § 30, p. 651; Stats. 1915, ch. 188, § 30, p. 413; Stats. 1923, ch. 266, § 147, p. 564; Stats. 1927, ch. 752, § 37, p. 1440, italics added.) In 1935, however, this language was changed to read ". . . wilfully injure or *tamper with any vehicle* or break or remove any part or parts of or from a vehicle . . . ." (Former Veh. Code, § 504, Stats. 1935, ch. 27, p. 175, amended by Stats. 1937, ch. 282, § 2, p. 617, italics added.) The change in emphasis from tampering with car parts to tampering with the vehicle itself indicates that the Legislature intended by this 1935 revision to expand the statute to include tampering with a vehicle as a whole. We accordingly reject defendant's contention that section 10852 merely contemplates stealing or damaging car parts.

Defendant relies on *People* v. *Dorsey* (1972) 25 Cal.App.3d 366 [101 Cal.Rptr. 826] *(Dorsey I),* for the proposition that Vehicle Code section 10852 is not a necessarily included offense of grand theft-auto. In *Dorsey I,* defendants were charged with attempted grand theft-auto and found guilty of a violation of section 10852, which was termed by the trial court as a lesser included offense. The *Dorsey* court stated by way of dictum that technically section 10852 *may* not be a lesser included offense of grand theft-auto; the conviction was reversed on another ground. (*Id.,* at pp. 368-369.) When, however, the case was subsequently retried and defendant appealed from a conviction for attempted grand theft-auto, the court expressly characterized section 10852 as a lesser included offense of grand theft-auto (*People* v. *Dorsey* (1973) 34 Cal.App.3d 70, 72, 73 [109 Cal.Rptr. 712]), and rejected defendant's argument that double jeopardy barred retrial of the greater offense after the conviction of this lesser included offense was reversed. (*Id.,* at p. 73.) In light of this latter pronouncement, the qualified dictum in *Dorsey I* is deemed withdrawn.

The judgment is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Clark, J., concurred.

Appellant's petition for a rehearing was denied January 21, 1976.