Filed 10/21/14  P. v. Davidson CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BENJAMIN NICHOLAS DAVIDSON,<br><br>    Defendant and Appellant. | D064378<br><br><br>(Super. Ct. No. SCE326772) |

APPEAL from a judgment of the Superior Court of San Diego County, Lantz Lewis, Judge.  Reversed in part, modified in part, and affirmed in part.

Law Offices of Russell S. Babcock and Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Anthony Da Silva, Peter Quon, Jr., and Martin E. Doyle, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

A jury convicted Benjamin Nicholas Davidson of transportation of a controlled substance (Health & Saf. Code, § 11352, subd. (a)), vandalism under $400 (Pen. Code, § 594, subd. (a)(b)(2)(A)), and trespass of an occupied dwelling house while a resident was present (Pen. Code, § 602.5, subd. (b)). In addition, Davidson admitted having a prior conviction for possessing a controlled substance for sale (Health & Saf. Code, §§ 11370.2, subd. (a), 11378), a prior prison commitment conviction (Pen. Code, § 667.5, subd. (b)), and a prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12). At the sentencing hearing, the court struck the punishment for the prior possession for sale and prison commitment convictions and sentenced Davidson to six years in prison. The sentence consisted of the low term of three years for the transportation conviction, doubled for the prior strike conviction, plus concurrent terms of 180 days each for the vandalism and trespass convictions.

Davidson appeals, contending we must reverse the judgment as to the transportation conviction because a post-conviction amendment to Health and Safety Code section 11352 limits the statute's application, he is entitled to the benefit of the amendment, and there is insufficient evidence to support a conviction under the amended statute. He further contends we must modify the judgment to stay the sentence for his trespassing conviction under Penal Code section 654. We agree with both contentions.

2

DISCUSSION[1]

I

*Transportation Conviction*

A

Health and Safety Code section 11352, subdivision (a), provides for imprisonment of a person who "transports" or "offers to transport" a controlled substance. At the time of Davidson's conviction, the crime required only the movement of a controlled substance from one location to another. It did not require the movement to be for purposes of sale or distribution. (*People v. Rogers* (1971) 5 Cal.3d 129, 134, 137; *People v. Arndt* (1999) 76 Cal.App.4th 387, 398; *People v. Cortez* (1985) 166 Cal.App.3d 994, 997-998.) After Davidson's conviction, the Legislature amended the statute to add a subdivision defining "transports" to mean "to transport for sale." (Health & Saf. Code, § 11352, subd. (c), amended Stats. 2013, ch. 504, § 1.)

Davidson contends and the People concede he is entitled to the benefit of the amendment because his case is not yet final. (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1194-1196 [concluding a change to a definition in a criminal statute which mitigates punishment for a particular criminal offense applies to all nonfinal judgments].) Davidson further contends and the People concede there is insufficient evidence to support a conviction under the amended statute because there is no evidence Davidson

---

[1]  We omit a summary of the circumstances underlying Davidson's convictions as we did not need to discuss the circumstances to resolve the issues raised on appeal.

transported a controlled substance for purposes of selling it. The parties disagree, however, on the appropriate remedy. Davidson contends we must reverse the judgment as to the conviction. The People contend we may modify the judgment to reduce the conviction to simple possession under Health and Safety Code section 11350, subdivision (a). We agree with Davidson.

Penal Code sections 1181, subdivision (6),[2] and 1260[3] permit us to modify a criminal judgment to reduce a conviction to a lesser included offense when the evidence supports the lesser offense, but not the greater offense. (*People v. Guion* (2013) 213 Cal.App.4th 1426, 1436; *People v. Harshaw* (1932) 128 Cal.App. 212, 219 ["An appellate court is authorized to modify a judgment which is rendered in a criminal case, and may direct the trial court to sentence a defendant for a lesser offense contained within the crime for which he was convicted, provided the evidence adequately supports the lesser offense"].) To determine whether an offense is a lesser included offense, "we apply either the elements test or the accusatory pleading test. 'Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the

---

[2]     Penal Code section 1181, subdivision (6), specifically empowers a reviewing court to modify the judgment "[w]hen the verdict or finding is contrary to law or evidence [and] the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree . . . or of a lesser crime included therein . . . ."

[3]     Penal Code section 1260 provides: "The court may . . . modify a judgment or order appealed from, or reduce the degree of the offense . . . and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances.

4

lesser offense, the latter is necessarily included in the former. Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former.' " (*People v. Shockley* (2013) 58 Cal.4th 400, 404, citing *People v. Reed* (2006) 38 Cal.4th 1224, 1227-1228.)

In this case, the operative amended information alleges in relevant part: "On or about January 8, 2013, [Davidson] did unlawfully transport and offer to transport a controlled substance, to wit: heroin, in violation of Health and Safety Code section 11352, [subdivision] (a)." (Some capitalization omitted.) Because these allegations are "couched in terms of the statutory definition of the greater crime and no additional factual allegations are included," we are necessarily limited to applying only the elements test.[4] (*People v. Anderson* (1975) 15 Cal.3d 806, 809; accord, *People v. Shockley*, *supra*, 58 Cal.4th at p. 404; *People v. Wolcott* (1983) 34 Cal.3d 92, 99.) As the People acknowledge, the California Supreme Court has previously determined possession of a controlled substance is not an essential element of the offense of transporting a controlled substance. (*People v. Rogers*, *supra*, 5 Cal.3d at p. 134.) This determination is binding on us. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Consequently, we conclude the elements test is not met and we are not authorized under Penal Code sections 1181, subdivision (6), and 1260 to modify the judgment to reduce

---

4     Thus, we do not address the parties' arguments regarding the application of the accusatory pleading test.

Davidson's transportation conviction to a conviction for simple possession of a controlled substance.

## II

### *Vandalism and Trespass Convictions*

Penal Code section 654, subdivision (a), precludes multiple punishments for a single act or omission.[5]  The statute's protection has been extended to preclude multiple punishments for offenses committed during an indivisible course of conduct.  (*People v. Hicks* (1993) 6 Cal.4th 784, 789.)

The parties agree Davidson's vandalism and trespass convictions were based on an indivisible course of conduct in which Davison admittedly kicked out the window of a home and entered the home through the window without the homeowner's permission. Consequently, Davidson contends and the People concede the punishment for his trespassing conviction should be stayed under Penal Code section 654.  We agree and modify the judgment accordingly.

### DISPOSITION

The judgment is reversed as to the conviction for transportation of a controlled substance and the matter is remanded for further proceedings consistent with this

---

[5]    Penal Code section 654, subdivision (a), provides:  "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision.  An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

decision.  The judgment is modified to stay the imposition of sentence for the trespass conviction under Penal Code section 654.  In all other respects, the judgment is affirmed.


McCONNELL, P. J.

WE CONCUR:

HALLER, J.

AARON, J.