Filed 8/18/20  P. v. Flores CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B299451 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA099756) |
| v. | |
| GERMAN JAMIE FLORES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Scott T. Millington, Judge.  Reversed in part and remanded.

Brian C. McComas, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven E. Mercer and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

---

German Jamie Flores appeals from a judgment entered after the jury convicted him of reckless driving, obstructing an officer, felony hit and run with property damage, and felony vandalism. Flores contends the trial court erred by failing to instruct the jury on trespass as a lesser included offense of both hit and run with property damage and felony vandalism. We conclude the trial court committed prejudicial error in not instructing the jury on trespass under Penal Code section 602, subdivision (a),[1] as a lesser included offense of felony vandalism. We reverse and remand for a new trial on the felony vandalism count.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *The Information*
The information charged Flores with unauthorized driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 1); reckless driving (Veh. Code, § 23103, subd. (a); count 2); resisting, delaying, or obstructing a peace officer (Pen. Code, § 148, subd. (a)(1); count 3); hit and run with property damage (Veh. Code, § 20002, subd. (a); count 4); and felony vandalism (Pen. Code, § 594, subd. (a); count 5). As to counts 1 and 5, the information alleged Flores suffered a prior conviction of a serious or violent felony under the three strikes law (§§ 667, subds. (b)-(j), 1170.12).

---

[1]  Further undesignated statutory references are to the Penal Code.

B.    *The Evidence at Trial*

1.    *The prosecution case*

At around 8:00 p.m. on March 1, 2019 Los Angeles County Sheriff's Deputy Erik Vaughn was driving in a patrol car when he observed a Chrysler sedan driven by Flores straddle two lanes on Palos Verdes Drive South.  The parties stipulated the car had been taken from a rental car company's lot without the owner's permission sometime after January 25, 2019.

After Flores straddled the lanes a second time, Deputy Vaughn activated his patrol car's lights and sirens to initiate a traffic stop.  Deputy Vaughn observed the sedan pull over to the curb and slow down to five miles per hour, then merge back into traffic.  The sedan entered the left turning lane at a stop light and attempted to make a U-turn while the left turn signal was red.  Wendy McNeely, who was headed in the opposite direction, was waiting at the intersection to make a left turn.  She had to drive forward to avoid being hit by the sedan.

As the sedan was making the U-turn, Deputy Vaughn saw the door of the car open, and Flores, wearing a white hooded sweatshirt, exited.  Flores started running into a nearby neighborhood.  Deputy Vaughn followed and yelled "stop, put your hands up" approximately 10 times, but Flores kept running.  Deputy Vaughn radioed for assistance to contain the scene.

After Flores exited the sedan, the car continued to move forward, crashed into the median, then travelled down a steep slope.  Terranea Resort employee William Hall heard a loud thumping noise and scraping sound and then saw the sedan stop on Terranea's property.  When Hall approached the sedan, the driver's side door was open and the engine was running, but there was no one inside.  Hall turned off the car's engine.  He

3

observed Flores's driver's license was still in the car.  Hall took photographs of the car and the vegetation that had been damaged on Terranea's property.  The damaged vegetation included agave plants, rose bushes, and a native California shrub called lavatera.  A landscaping company billed Terranea $1,055 to replace the plants.

About 10 minutes after Flores jumped out of the car, a Terranea security officer saw Flores, shirtless, in a parking lot in the resort.  A Los Angeles County Sheriff's deputy arrived with another Terranea security officer and detained Flores.

2. *The defense case*

Flores testified that on March 1, 2019 at around 7:00 p.m., he was at a park in Los Angeles.  A friend whom Flores had known at the park for about two or three months asked Flores to pick up the friend's cousin in the South Bay.  Flores saw his friend was drinking alcohol, and Flores agreed to help by not letting him drive while intoxicated.  The friend gave Flores the keys to a Chrysler sedan.

Flores got lost when he drove into an area with hills and mountains as it started to get dark.  The car began to stall because it was running out of gas, so Flores pulled over to the side of the road.  After the car shut off, he turned it back on and returned to the road.  As Flores approached an intersection, he drove into the left lane to make a U-turn to find a gas station.  He first heard the sirens from the patrol vehicle behind him at this point.  Flores did not recall straddling the traffic lanes.

According to Flores, the left turn signal was green when he started to make the U-Turn.  As he was making the turn, his steering wheel locked, and the car died.  Flores managed to turn

4

the car back on, but by then the car had started to travel down the slope. Flores believed the car was going over a cliff, so he jumped out. As he ran out, he tripped over some plants and rolled down the embankment. Flores denied fleeing from the police. When he came to a stop, Flores started walking around to find his way back to the intersection. He had injured his left shoulder in the fall, so he took off his sweatshirt, which was stuck to his wound. As he was walking around, a Terranea security officer and Sheriff's deputy detained him.

C.      *The Verdicts and Sentence*
        The jury acquitted Flores on count 1 of the unauthorized driving or taking of a vehicle, but it found him guilty of reckless driving; resisting, delaying, or obstructing a peace officer; hit and run with property damage; and felony vandalism. In a bifurcated proceeding, Flores admitted the allegation he suffered a prior conviction of a serious or violent felony within the meaning of the three strikes law.
        The trial court sentenced Flores on count 5 for felony vandalism to the upper term of three years, doubled as a second strike to six years in state prison. The court sentenced Flores to concurrent sentences on count 2 (reckless driving) to 90 days, on count 3 (resisting, delaying, or obstructing a peace officer) to 364 days, and on count 4 (hit and run with property damage) to 180 days.
        Flores timely appealed.

## DISCUSSION

A.    *Applicable Law and Standard of Review*

"""It is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence.""" (*People v. Souza* (2012) 54 Cal.4th 90, 114, quoting *People v. Breverman* (1998) 19 Cal.4th 142, 154 (*Breverman*).)  "It is error for a trial court not to instruct on a lesser included offense when the evidence raises a question whether all of the elements of the charged offense were present, and the question is substantial enough to merit consideration by the jury." (*People v. Booker* (2011) 51 Cal.4th 141, 181; accord, *Breverman*, at p. 177.)  "[T]he 'substantial' evidence required to trigger the duty to instruct on such lesser offenses is not merely '*any* evidence . . . no matter how weak' [citation], but rather "'evidence from which a jury composed of reasonable [persons] could . . . conclude[]'" that the lesser offense, but not the greater, was committed." (*People v. Cruz* (2008) 44 Cal.4th 636, 664 (*Cruz*); accord, *People v. Flannel* (1979) 25 Cal.3d 668, 684 & fn. 12 (*Flannel*).)

There are two tests for a court to determine if an offense is a lesser included offense of another:  the elements test and the accusatory pleading test, either of which triggers a trial court's duty to instruct on the lesser included offense.  (*People v. Lopez* (2020) 9 Cal.5th 254, 269 (*Lopez*); *People v. Gonzalez* (2018) 5 Cal.5th 186, 197.)  ""Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former.  Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the

6

elements of the lesser offense, the latter is necessarily included in the former."'" (*Lopez*, at pp. 269-270; accord, *Gonzalez*, at p. 197.) However, when "the accusatory pleading incorporates the statutory definition of the charged offense without referring to the particular facts, a reviewing court must rely on the statutory elements to determine if there is a lesser included offense." (*People v. Robinson* (2016) 63 Cal.4th 200, 207; accord, *People v. Anderson* (1975) 15 Cal.3d 806, 809.)

We independently review whether the trial court improperly failed to instruct on a lesser included offense. (*People v. Souza, supra*, 54 Cal.4th at p. 113; *People v. Wang* (2020) 46 Cal.App.5th 1055, 1069.)

B.    *The Trial Court Erred in Not Instructing the Jury on Trespass Under Section 602, subdivision (a), as a Lesser Included Offense of Felony Vandalism*

Flores contends trespass, as defined under section 602, subdivisions (a), (c) and (n),[2] is a lesser included offense of felony vandalism (§ 594). The People concede trespass under section 602, subdivision (c), is a lesser included offense of felony vandalism, but they argue the trespass offenses under

---

[2]    Section 602, subdivision (a), defines trespass as "willfully . . . [¶] . . . [c]utting down, destroying, or injuring any kind of wood or timber standing or growing upon the lands of another." Subdivision (c) defines it as "willfully . . . [¶] . . . [and] [m]aliciously injuring or severing from the freehold of another anything attached to it, or its produce." Subdivision (n) defines it as "willfully . . . [¶] . . . [d]riving any vehicle . . . upon real property belonging to, or lawfully occupied by, another and known not to be open to the general public, without the consent of the owner, the owner's agent, or the person in lawful possession."

section 602, subdivisions (a) and (n), are not.  We conclude the offenses of trespass under section 602, subdivisions (a) and (c), but not (n), are lesser included offenses of felony vandalism. However, substantial evidence supported an instruction on trespass under only subdivision (a).

> 1.    *Trespass under section 602, subdivision (a), is a lesser included offense of felony vandalism*

The People contend trespass under section 602, subdivision (a), is not a lesser included offense of felony vandalism because the plants Flores damaged—agave plants, rose bushes, and a shrub called lavatera—are not wood or timber. But the threshold question under the accusatory pleading test is not what Flores damaged, but what the information alleged he damaged.  (*People v. Smith* (2013) 57 Cal.4th 232, 244 ["The accusatory pleading test" "does not require or depend on an examination of the evidence adduced at trial.  The trial court need only examine the accusatory pleading."]; *People v. Munoz* (2019) 31 Cal.App.5th 143, 156 ["The Supreme Court has indicated repeatedly . . . that when applying the accusatory pleading test to determine whether one offense is necessarily included in another, courts do not look to evidence beyond the actual pleading and its allegations regarding the purported greater offense."].)  As discussed, we consider whether the facts alleged in the information as to the charged offense include all the elements of the lesser offense.  (*Lopez, supra*, 9 Cal.5th at pp. 269-270; *People v. Gonzalez, supra*, 5 Cal.5th at p. 197.)  They do.

The information alleged Flores committed vandalism when he "unlawfully and maliciously damage[d] and destroy[ed] real

and personal property, to wit, trees, irrigation system not his/her own, belonging to TERRANEA RESORT." Under section 602, subdivision (a), a person commits trespass by willfully destroying or injuring "any kind of wood or timber standing or growing upon the lands of another." The dictionary definition of "wood" is "the hard fibrous substance consisting basically of xylem that makes up the greater part of the stems, branches, and roots of trees or shrubs beneath the bark and is found to a limited extent in herbaceous plants." (Merriam -Webster's Online Dict. (2020) <https://www.merriam-webster.com/dictionary/wood> [as of August 17, 2020]; see American Heritage Dict. Online (2020) <https://ahdictionary.com/word/search.html?q=wood> [as of August 17, 2020] [defining "wood" as "the secondary xylem of trees and shrubs, lying beneath the bark and consisting largely of cellulose and lignin"].) Thus, by alleging Flores maliciously destroyed trees, which contain "wood," the alleged facts include all the elements of the lesser offense of trespass under section 602, subdivision (a).[3]

> 2. *The trial court had a duty to instruct the jury on trespass under section 602, subdivision (a), as a lesser offense of felony vandalism*

As discussed, a trial court is required to instruct on a lesser included offense where there is ""evidence from which a jury composed of reasonable [persons] could . . . conclude[]"" that the

---

[3] Further, because shrubs also contain "wood," what Flores actually damaged (the shrub lavatera) contained wood. Arguably, rose bushes also contain wood.

9

lesser offense, but not the greater, was committed." (*Cruz, supra*, 44 Cal.4th at p. 664; accord, *Flannel, supra*, 25 Cal.3d at p. 684 & fn. 12.) "In deciding whether evidence is 'substantial' in this context, a court determines only its bare legal sufficiency, not its weight." (*Breverman, supra*, 19 Cal.4th at p. 177; accord, *People v. Vasquez* (2018) 30 Cal.App.5th 786, 792 (*Vasquez*).) "Thus, 'courts should not evaluate the credibility of witnesses, a task for the jury' [citation], and uncertainty about whether the evidence is sufficient to warrant instructions should be resolved in favor of the accused." (*Vasquez*, at p. 792.)

Viewing the evidence in the light most favorable to Flores, there is substantial evidence from which the jury could have concluded Flores committed trespass based on section 602, subdivision (a), but not felony vandalism. The required mental state for trespass under section 602, subdivision (a), is that the defendant commit the offense "willfully," whereas for felony vandalism the defendant must act "maliciously" (§ 602, subd. (a); § 594, subd. (a).) "Maliciously" is defined as "a wish to vex, annoy, or injure another person, or an intent to do a wrongful act." (§ 7, subd. (4).) By contrast, "[t]he word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." (*Id.*, subd. (1)) "'[T]he terms "willful" or "willfully," when applied in a penal statute, require only that the illegal act or omission occur "intentionally," without regard to motive or ignorance of the act's prohibited character.'" (*People v. Atkins* (2001), 25 Cal.4th 76, 85; accord, *Hale v. Morgan* (1978) 22 Cal.3d 388, 396.) "'Willfully implies no evil intent; "'it implies that the person

knows what he is doing, intends to do what he is doing and is a free agent."'"" (*Atkins*, at p. 85.)

Based on Flores's testimony at trial, a jury composed of reasonable persons could conclude Flores damaged or destroyed the Terranea plants willfully but not maliciously. He testified that when he was attempting to make a U-turn, the steering wheel locked, and the car died. He jumped out of the car because he thought it was going down a cliff. Because we are not determining the weight of Flores's testimony or evaluating his credibility, reviewing the evidence in the light most favorable to Flores, a reasonable jury could have found Flores intentionally abandoned the car, thus willfully, but with the intent to save his life, not with the intent to annoy or injure another person or with the intent to do a wrongful act, and thus not maliciously. Further, even under the People's theory of the case, Flores jumped out of the car to avoid being caught for stealing the car, thus willfully abandoning the car, but without acting maliciously.

3. *The trial court's error was prejudicial*

We agree with Flores the trial court's error in not instructing the jury on the lesser offense of trespass was prejudicial. However, contrary to Flores's contention, we consider whether the error was prejudicial under *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*), applicable to errors of California law. As the Supreme Court held in *Breverman, supra*, 19 Cal.4th at page 169, "[T]he rule requiring sua sponte instructions on all lesser necessarily included offenses supported by the evidence derives exclusively from California law." (Accord, *People v. Beltran* (2013) 56 Cal.4th 935, 955 (*Beltran*).) Therefore, "in a noncapital case, error in failing sua sponte to instruct, or to

11

instruct fully, on all lesser included offenses and theories thereof which are supported by the evidence must be reviewed for prejudice exclusively under *Watson*." (*Breverman*, at p. 178; accord, *Vasquez, supra*, 30 Cal.App.5th at p. 798.) "[U]nder *Watson*, a defendant must show it is reasonably probable a more favorable result would have been obtained absent the error." (*People v. Mena* (2012) 54 Cal.4th 146, 162; accord, *Beltran*, at p. 955.)

The *Watson* test "focuses not on what a reasonable jury *could* do, but what such a jury is *likely* to have done in the absence of the error under consideration. In making that evaluation, an appellate court may consider, among other things, whether the evidence supporting the existing judgment is so *relatively* strong, and the evidence supporting a different outcome is so *comparatively* weak, that there is no reasonable probability the error of which the defendant complains affected the result." (*Breverman, supra*, 19 Cal.4th at p. 177; accord, *Beltran, supra*, 56 Cal.4th at p. 956.)

Here, unlike in *Beltran*, in which the Supreme Court concluded the trial court's failure fully to instruct on the lesser offense of voluntary manslaughter was harmless error, evidence that Flores acted maliciously was "weak and contradicted." (*Beltran, supra*, 56 Cal.4th at p. 956; see *Vasquez, supra*, 30 Cal.App.5th at p. 801 [failure to instruct on lesser offense was not harmless error, noting "[t]his is not a case in which the jury demonstrably decided every contested issue in favor of the prosecution and fully credited every prosecution witness."].)

In his closing, the prosecutor argued Flores exited the car when Deputy Vaughn tried to pull him over because Flores knew he was driving a car without the owner's permission and was

12

trying to distance himself from the car. But the jury rejected this argument, acquitting Flores of driving or taking a vehicle without consent under Vehicle Code section 10851, subdivision (a). Moreover, there is no evidence contradicting Flores's claim the car died because it ran out of gas as he attempted to make a U-turn, causing him to jump out of the car. This is therefore a situation where the evidence supporting a trespassing conviction based on intentional conduct is strong, but the evidence supporting a vandalism conviction based on malicious conduct is weak.

"The rationale for requiring courts to instruct on lesser included offenses is to avoid forcing the jury into an "'unwarranted all-or-nothing choice'" that creates the risk the jury will convict on the charged offense even though one of the elements remains in doubt because "'the defendant is plainly guilty of *some* offense.'"'" (*Vasquez, supra,* 30 Cal.App.5th at p. 798; accord, *People v. Hughes* (2002) 27 Cal.4th 287, 365; *People v. Majors* (1998) 18 Cal.4th 385, 410 ["One of the primary reasons for requiring instructions on lesser included offenses is . . . to eliminate "'the risk that the jury will convict . . . simply to avoid setting the defendant free.'"'"].) Although Flores was charged with other offenses, the jury could have convicted Flores of felony vandalism to ensure a conviction relating directly to the damage he caused to the Terranea property. On the record here, Flores has met his burden to show it is reasonably probable he would have achieved a more favorable result had the trial court instructed on the lesser offense of trespassing. (*Beltran, supra*, 56 Cal.4th at p. 955; *People v. Mena, supra*, 54 Cal.4th at p. 162.)

We reverse Flores's conviction of felony vandalism and remand for a retrial on this count.[4]  If the prosecutor elects not to retry Flores on the felony vandalism count, the trial court shall resentence Flores accordingly.

C.  *Trespass Under Section 602, subdivision (c), Is a Lesser Included Offense of Felony Vandalism, but the Trial Court Was Not Required To Instruct on the Offense*

The People concede, and we agree, trespass, as defined under section 602, subdivision (c), is a lesser included offense of felony vandalism, but the trial court had no duty to instruct on it.  A person commits felony vandalism if he or she willfully and maliciously damages or destroys real or personal property causing damage of $400 or more.  (§ 594, subds. (a) & (b)(1).)  Section 602, subdivision (c), defines trespass as "maliciously injuring or severing from the freehold of another anything attached to it, or its produce."  Applying the elements test, the statutory definition of felony vandalism contains all the elements of trespass as set forth in section 602, subdivision (c), with the additional requirement that the amount of damage or destruction be at least $400.  Trespass is therefore a lesser included offense of felony vandalism.  (*Lopez, supra*, 9 Cal.5th at p. 270.)

However, there was not substantial evidence on which the jury could have found trespass under section 602, subdivision (c),

---

[4]  Because Flores does not argue on appeal, there is insufficient evidence to support his conviction of felony vandalism, retrial of this count does not violate principles of double jeopardy.  (*People v. Story* (2009) 45 Cal.4th 1282, 1295; *People v. Morgan* (2007) 42 Cal.4th 593, 613; *People v. Jones* (2018) 26 Cal.App.5th 420, 437.)

14

but not felony vandalism. The People presented uncontradicted evidence at trial that Flores caused $1,055 in damage to Terranea property. There was therefore no evidence on which a jury composed of reasonable persons could conclude Flores committed trespass with damage less than $400. (*Cruz, supra*, 44 Cal.4th at p. 664; *Flannel, supra*, 25 Cal.3d at p. 684 & fn. 12.)

D.      *Trespass Under Section 602, subdivision (n), Is Not a Lesser Included Offense of Felony Vandalism*

Under section 602, subdivision (n), a person commits trespass by "willfully . . . [¶] . . . [d]riving any vehicle . . . upon real property belonging to, or lawfully occupied by, another and known not to be open to the general public, without the consent of the owner, the owner's agent, or the person in lawful possession." The requirement the property be known not to be open to the general public is an element of trespass, but not of vandalism. A person can therefore maliciously destroy another person's real property that is open to the general public, committing vandalism, without committing trespass under section 602, subdivision (n). Therefore, trespass is not a lesser included offense of vandalism under the elements test.[5] (See *Lopez, supra*, 9 Cal.5th at pp. 269-270 & fn. 6 [petty theft is not a lesser included offense of shoplifting under the elements test because the elements of shoplifting do not require a taking]; *People v. Belmares* (2003) 106 Cal.App.4th 19, 24 [resisting a peace officer

---

[5]     Likewise, the information did not allege the Terranea was known not to be open to the general public. Thus, under the accusatory pleading test as well, the alleged vandalism did not include all the elements of trespass under section 602, subdivision (c). (*Lopez, supra*, 9 Cal.5th at pp. 269-270.)

15

is not a lesser included offense of deterring an executive officer under the elements test because a person can deter an officer's duty in the future without resisting the officer's discharge or attempted discharge of a duty at the time of the offense].)

E.   *Trespass Is Not a Lesser Included Offense of Hit and Run With Property Damage*

Flores alternatively contends the trial court had a duty to instruct the jury on trespass, as defined under section 602, subdivisions (a), (c) and (n), as a lesser included offense of hit and run with damage. (Veh. Code, § 20002, subd. (a).) Flores's contention lacks merit. The information alleged Flores committed the offense of hit and run with property damage in violation of Vehicle Code section 20002, subdivision (a), by "driving a vehicle involved in an accident resulting in property damage and fail[ing] to immediately stop and either (1) locate and notify the owner or person in charge of the damaged property . . .; or (2) leave in a conspicuous place . . . a written notice." These allegations incorporate the statutory definition of the offense of hit and run with property damage. (Veh. Code, § 20002, subd. (a).)[6] Because the information incorporates the statutory definition of the offense without additional factual

---

[6]   Vehicle Code section 20002, subdivision (a), provides, "The driver of any vehicle involved in an accident resulting only in damage to any property, including vehicles, shall immediately stop the vehicle . . . [and] also immediately do either of the following:  [¶]  (1) Locate and notify the owner or person in charge of that property of the name and address of the driver and owner of the vehicle involved . . . .  [¶]  (2) Leave in a conspicuous place on the vehicle or other property damaged a written notice."

16

allegations, we apply the elements test.  (*People v. Robinson, supra*, 63 Cal.4th at p. 207.)  We therefore do not consider the common law definition of trespass, as argued by Flores.

The statutory elements of hit and run with property damage do not require damage to "wood or timber standing or growing upon the lands of another" (§ 602, subd. (a)), another person's freehold (*id.*, subd. (c)), or real property (*id.*, subd. (n)). Trespass is therefore not a lesser included offense because a defendant can commit a trespass without also committing hit and run with property damage, for example, by causing damage to a vehicle without notifying the owner.  (See *Lopez, supra*, 9 Cal.5th at pp. 269-270 & fn. 6.)

## DISPOSITION

The judgment of conviction of felony vandalism is reversed. We remand for a retrial on this count.  If the prosecutor elects not to retry Flores on the felony vandalism count, the trial court shall resentence Flores accordingly.

FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.